**No. 25-1727**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

---

LAUREL HILL MANAGEMENT SERVICES, INC.; MINIMALLY INVASIVE SURGICAL ASSOCIATES; ADVANCED WEIGHT LOSS SURGICAL ASSOCIATES,

Plaintiffs-Appellants,

v.

LA-Z-BOY INC.; DOES 1-10; AND BLUE CROSS BLUE SHIELD OF MICHIGAN,

Defendants-Appellees.

---

On Appeal from the United States District Court for the Eastern District of Michigan
Case No. 2:24-cv-13230-DML-KGA
Honorable David M. Lawson

---

# BRIEF OF DEFENDANT-APPELLEE BLUE CROSS BLUE SHIELD OF MICHIGAN

---

Nathan S. Scherbarth (P75647)
ZAUSMER, PC
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334-1530
(248) 851-4111

*Attorneys for Defendant-Appellee Blue Cross Blue Shield of Michigan*

## CORPORATE DISCLOSURE STATEMENT

Defendant-Appellee, Blue Cross Blue Shield of Michigan, attests that it is not a subsidiary or affiliate of a publicly owned corporation. Fed. R. App. P. Rule 26.1; 6 Cir. R. 26.1. A publicly owned corporation does not have a financial interest in the outcome of this appeal.

# TABLE OF CONTENTS


CORPORATE DISCLOSURE STATEMENT ..................................................... ii

TABLE OF CONTENTS .................................................................................. iii

TABLE OF AUTHORITIES ............................................................................. iv

STATEMENT REGARDING ORAL ARGUMENT .......................................... vii

STATEMENT OF JURISDICTION ................................................................ viii

STATEMENT OF ISSUES ............................................................................. ix

STATEMENT OF THE CASE ..........................................................................1

A. The Parties and Medical Plan ..........................................................1

B. The Medical Providers' Complaint and Relevant Procedural History .2

SUMMARY OF THE ARGUMENT ...................................................................5

ARGUMENT ..................................................................................................6

I. Standard of Review ..................................................................................6

II. The District Court properly concluded that the Medical Providers' claims relate to an ERISA-governed medical plan and are preempted. .....................7

A. State law claims "relate to" an ERISA plan where they connect to or reference the ERISA plan. ..........................................................8

B. The Medical Providers' negligent misrepresentation and promissory estoppel claims "relate to" an ERISA-governed health plan. ...............9

III. This Court's *Cromwell* decision remains good law and controls this dispute. ..................................................................................................11

A. *Cromwell* represents the long-standing rule of this Court and should not be disturbed. ..........................................................................11

B. The cases highlighted by the Medical Providers on appeal are inapposite. ..........................................................................................14

CONCLUSION ..............................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Access Mediquip LLC v. UnitedHealthcare Ins. Co.*,
662 F.3d 376 (5th Cir. 2011) ....................................................................4, 15

*Ashcroft v Iqbal*,
556 US 662, 679 (2009)..........................................................................................7

*Ashh, Inc. v. All About It, LLC*,
475 F. Supp. 3d 676, 678 (E.D. Mich. 2020) ........................................................7

*Cagayat v. United Collection Bureau, Inc.*,
952 F.3d 749, 755 (6th Cir. 2020) ..........................................................................7

*Cromwell v. Equicor-Equitable HCA Corp.*,
944 F.2d 1272, 1275 (6th Cir. 1991) ........................................................ passim

*Grindstaff v. Green*,
133 F.3d 416, 421 (6th Cir. 1998) ..........................................................................6

*Home Health, Inc. v. Prudential Ins. Co. of Am.*,
101 F.3d 600 (8th Cir. 1996) ................................................................................4, 15

*Hospice of Metro Denver, Inc. v. Group Health Insurance of Oklahoma, Inc.*,
944 F.2d 752 (10th Cir. 1991) ..............................................................................5, 15

*Ingersoll–Rand Co. v. McClendon*,
498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) ........................................9

*Lordmann Enterprises, Inc. v. Equicor, Inc.*,
32 F.3d 1529 (11th Cir. 1994) ..............................................................................4, 15

*Mayer v Mylod*,
988 F.2d 635, 638 (6th Cir. 1993) ......................................................................6, 7

*Mazur v. UNUM Ins. Co.*,
590 F. App'x 518 (6th Cir. 2014)............................................................ 9, 10, 11

*McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*,
857 F.3d 141 (2d Cir. 2017) ................................................................................4, 15

*McLemore v. Regions Bank*,
682 F.3d 414, 425 (6th Cir. 2012) .................... 13, 15

*New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*,
514 U.S. 645 (1995).................... 5, 12, 14, 15

*Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp. ("PONI")*,
399 F.3d 692, 698 (6th Cir. 2005) ....................8, 12

*Peters v. Lincoln Electric Co.*,
285 F.3d 456, 469 (6th Cir. 2002) ....................10

*Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*,
967 F.3d 218 (3d Cir. 2020) ....................4, 15

*Ramsey v. Formica Corp.*,
398 F.3d 421, 424 (6th Cir. 2005) ....................8

*Shaw v. Delta Air Lines, Inc.*,
463 U.S. 85, 103 S.Ct. 2890 (1983)....................10

*Smith v. Commonwealth Gen. Corp.*,
589 F. App'x 738, 744 (6th Cir. 2014).................... 8, 10, 13, 15

*Zuniga v. Blue Cross & Blue Shield of Michigan*,
52 F.3d 1395, 1402 (6th Cir. 1995) .................... 13, 15

*Zurich Am. Ins. Grp. v. Duncan on behalf of Duncan*,
889 F.3d 293, 301 (6th Cir. 2018) ....................13

**Statutes**

29 U.S.C. § 1144 ....................8

28 U.S.C. § 1291 .................... vii

**Rules**

6 Cir. R. 26.1 .................... ii

Fed R of App P 32....................17

Fed. R. App. P. Rule 26.1 .......................................................................................... ii

Fed. R. Civ. Pro. 12..........................................................................................6, 7

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellee Blue Cross Blue Shield of Michigan respectfully requests oral argument to aid this Court's plenary review of the issues, to respond to any questions this Court may have following review of the briefing, and to cogently make clear why, given the facts and law addressed in the briefs, this Court should affirm the District Court's dismissal of Plaintiffs' First Amended Complaint.

## STATEMENT OF JURISDICTION

Defendant-Appellee Blue Cross Blue Shield of Michigan concurs in Plaintiffs-Appellants' statement of jurisdiction. Plaintiffs-Appellants timely appealed the District Court's August 4, 2025 order granting Defendants-Appellees' motions to dismiss on August 13, 2025. (Final Judgment, RE 27, Page ID # 159; Opinion and Order Granting Defendants' Motions to Dismiss, RE 26, Page ID # 147-158; Notice of Appeal, RE 28, Page ID # 160-161). 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

I. STATE LAW CLAIMS THAT "RELATE TO" A MEDICAL PLAN GOVERNED BY THE EMPLOYEE RETIREMENT INCOME AND SECURITY ACT OF 1972 (ERISA) ARE PREEMPTED UNDER THE STATUTE. PLAINTIFFS/APPELLANTS ALLEGE STATE-LAW CLAIMS REGARDING RATES AND PAYMENT ASSOCIATED WITH AN ERISA-GOVERNED MEDICAL PLAN. DID THE DISTRICT COURT CORRECTLY FIND THAT THEIR STATE LAW CLAIMS ARE PREEMPTED?

Plaintiffs-Appellants would answer, "No."

Defendants-Appellees say, "Yes."

The District Court said, "Yes."

This Court should say, "Yes."

## STATEMENT OF THE CASE

### A. The Parties and Medical Plan

Plaintiffs/Appellants, Laurel Hill Management Services, Inc., Minimally Invasive Surgical Associates, and Advanced Weight Loss Surgical Associates are medical providers (collectively "the Medical Providers") that operate in the State of California. (Opinion and Order Granting Defendants' Motion to Dismiss, RE 26, Page ID # 148). Defendant La-Z-Boy Inc. offers healthcare insurance to its employees through Blue Cross Blue Shield of Michigan (BCBSM). (*Id*.)

In February and March 2022, the Medical Providers rendered medical services to a patient identified as "AA." (*Id*.) The Medical Providers do not have an existing provider agreement with BCBSM that outlines the specified contractual rates of payment because the Medical Providers are considered "out-of-network" providers. (*Id*.) With no provider agreement setting the specific rates of payment, the Medical Providers' staff contacted BCBSM before rendering medical services to patient AA. (*Id*.) The Medical Providers' staff asked BCBSM to verify that patient AA was covered and asked BCBSM to assess the rates that would be paid for specific medical services provided by the Medical Providers. (*Id*.) BCBSM explained that coverage was available for patient AA, it would cost $1,100 for a deductible and the out-of-pocket maximum would be $4,400. (*Id*.) Further, BCBSM explained that the medical services proposed would be made at the "Usual and Customary Rate" (UCR), which

is the amount based on what providers in the geographic area charge for a similar medical service. (*Id*.)

After providing medical services, the Medical Providers sought reimbursement for $340,000. BCBSM processed the claims and paid approximately $1,600 towards the Medical Providers' bills. (*Id*. at Page ID # 149).

### B. The Medical Providers' Complaint and Relevant Procedural History

On January 24, 2025, the Medical Providers brought their amended complaint against BCBSM, alleging: (1) BCBSM falsely represented that reimbursement for services would be made at UCR rate; and (2) the Medical Providers detrimentally relied on oral representations by BCBSM for medical services. The Medical Providers' suit involves claims for negligent misrepresentation and promissory estoppel under state law. (*Id*.) The Medical Providers first brought suit in Los Angeles County, California Superior Court and the case was removed to the Central District of California. The parties later stipulated to transfer the case to the Eastern District of Michigan. (*Id*.)

La-Z-Boy and BCBSM both moved for dismissal of the Medical Providers' complaint. (Motions to Dismiss, RE 18-19). La-Z-Boy and BCBSM argued that the Medical Providers' claims were preempted by ERISA. (BCBSM's Motion to Dismiss, RE 18, Page ID # 60-65; La-Z-Boy's Motion to Dismiss, RE 19, Page ID # 82-87). The District Court granted La-Z-Boy and BCBSM's motions to dismiss.

(Opinion and Order Granting Defendants' Motion to Dismiss, RE 26, Page ID # 158).

In granting Defendants' motions to dismiss, the District Court first identified and then answered this central question: "whether the plaintiffs' negligent misrepresentation and promissory estoppel claims 'relate to' La-Z-Boy's employee medical plan, which admittedly is governed by ERISA. They do." (*Id*. at Page ID #150). The District Court concluded that the "essence" of the Medical Providers' claims involved allegations of being misled by BCBSM regarding rates and the calculation of fees. (*Id*. at Page ID #152). These issues "could only relate to La-Z-Boy's medical benefit plan, as that defendant could have no other obligation to pay for the cost of medical care for the employee otherwise." (*Id*.) Thus, the Medical Providers' allegations related to payment and their expectations that reimbursement would be paid at the UCR rate, which relates directly to their conversation with representatives from BCBSM who explained how they would administer plan benefits. (*Id*.)

The District Court concluded that this issue is governed by *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991), where state law claims were similarly preempted by ERISA. (*Id*. at Page ID #153). While the Medical Providers "attempt to read ambiguity or inapplicability into the controlling cases...*Cromwell* remains good law and has been cited routinely in recent decisions

involving preemption." (*Id.*) Further, the Medical Providers' attempts to characterize their state law claims as independent of an ERISA plan failed. Those types of independent claims can only succeed under rare circumstances, where claims arise from distinct contracts between providers and plan administrators and not with an ERISA entity. (*Id*. at Page ID #154).

The District Court then distinguished the outside circuit authority that the Medical Providers relied on in their briefing:

- *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218 (3d Cir. 2020) involved a standalone agreement and a medical plan that provided no coverage for out-of-network medical services. The claims there were not preempted, because they did not relate to the plan but instead, the separate agreement. The Medical Providers do not have those facts here, and instead their claims are related only to La-Z-Boy's plan. (*Id*. at Page ID #154-155).

- *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141 (2d Cir. 2017) involved a misrepresentation claim that was not preempted because one provision in the agreement included a non-assignment prohibition. (*Id*. at Page ID #155).

- *Access Mediquip LLC v. UnitedHealthcare Ins. Co.*, 662 F.3d 376 (5th Cir. 2011) involved a misrepresentation claim regarding a medical plan that did not provide reimbursement. The District Court concluded that this provided "no help" to the Medical Providers, because the present dispute is not about the availability of coverage and instead, calculating payment for reimbursement. (*Id*. at Page ID # 155-156).

- *Home Health, Inc. v. Prudential Ins. Co. of Am.*, 101 F.3d 600 (8th Cir. 1996) again involved misrepresentation, as did *Lordmann Enterprises, Inc. v. Equicor, Inc.*, 32 F.3d 1529 (11th Cir. 1994). The facts of these cases do not resemble the facts of this appeal. (*Id*. at Page ID #156).

- *Hospice of Metro Denver, Inc. v. Group Health Insurance of Oklahoma, Inc.*, 944 F.2d 752 (10th Cir. 1991) involved a dispute about false representation and the absence of coverage. (*Id*. at Page ID # 157).

- *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995) examined a state statute and considered whether the statute that imposed surcharges for hospital services for certain plan providers was preempted by ERISA. The surcharges claim did not "relate to" the employee benefit plan and was not preempted. The District Court clarified that "*Travelers* did not even cite — and certainly did not overrule — the controlling law set down in *Cromwell*." (*Id*.)

The District Court concluded that none of the cases relied on by the Medical Providers were controlling and were all "distinguishable on other grounds." (*Id*. at Page ID #157-158). Thus, the "inescapable conclusion" is that the Medical Providers' state law claims relate to a medical plan governed by ERISA and are preempted. (*Id*. at Page ID # 158).

The Medical Providers filed their notice of appeal on August 13, 2025. (Notice of Appeal, RE 28, Page ID # 160-161). This appeal followed.

## **SUMMARY OF THE ARGUMENT**

On appeal, the Medical Providers contend that the District Court erred in dismissing their First Amended Complaint with prejudice. They argue that their claims should not be subject to ERISA preemption and that Sixth Circuit, state law precedent, and out-of-circuit authority all support that view. This is not so.

The District Court properly dismissed the Medical Provider's First Amended Complaint based on ERISA preemption. *First*, state law claims are preempted by

ERISA where they "relate to" an ERISA-governed benefits plan. The Medical Providers advocate for a narrow interpretation of the "relate-to" analysis—but this Court's precedent does not support that approach. The Medical Providers' state-law claims concern issues *related to* the rate of payment under La-Z-Boy's medical plan, and therefore, are preempted.

*Second*, this Court's *Cromwell* decision controls the preemption analysis here and remains good law. On appeal, the Medical Providers devote substantial time to alleging that *Cromwell* is no longer the standard for ERISA preemption. But the Medical Providers have not (and cannot) identify any binding authority that overrules *Cromwell*. This Court should affirm.

## ARGUMENT

### I. Standard of Review.

This Court reviews motions to dismiss under Fed. R. Civ. Pro. 12(b)(6) *de novo*. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Fed. R. Civ. Pro. 12(b)(6) allows "a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In reviewing the motion, courts consider all factual allegations to be true, and where the allegations could give rise to multiple inferences, the allegations are construed in a light most favorable to the plaintiff. *Id*. "[A] court may consider the complaint and any exhibits attached thereto in

determining whether dismissal under Rule 12(b)(6) is proper." *Cagayat v. United Collection Bureau, Inc.*, 952 F.3d 749, 755 (6th Cir. 2020).

"The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts." *Mayer*, 988 F.2d at 638. Pleadings that are no more than conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *See also Ashh, Inc. v. All About It, LLC*, 475 F. Supp. 3d 676, 678 (E.D. Mich. 2020) ("Legal conclusions masquerading as factual allegations will not suffice.") (citation omitted). Rather, to survive a motion to dismiss, a complaint must allege sufficient facts such that the claim has facial plausibility. *Iqbal*, 556 U.S. at 678. That is, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## II. The District Court properly concluded that the Medical Providers' claims relate to an ERISA-governed medical plan and are preempted.

Claims "relate to" an ERISA-governed medical plan where they connect or reference the plan. The Medical Providers' claims concern BCBSM's advice regarding rates and payment. These claims relate directly to an ERISA-governed plan are thus preempted by ERISA.

### A. State law claims "relate to" an ERISA plan where they connect to or reference the ERISA plan.

ERISA includes an express preemption provision which "supersede[s] any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan." 29 U.S.C. § 1144(a)(emphasis added). This Court "has repeatedly recognized that virtually all state law claims *relating to* an employee benefit plan are preempted by ERISA." *Cromwell*, 944 F.2d at 1276 (emphasis added). State law claims "relate to" an ERISA-covered plan if they:

> (1) mandate employee benefit structures or their administration; (2) *provide alternative enforcement mechanisms*; or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself.

*Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp. ("PONI"),* 399 F.3d 692, 698 (6th Cir. 2005) (internal punctuation omitted) (emphasis added). In analyzing the "relate-to" inquiry, this Court "consider[s] the kind of relief that plaintiffs seek, and its relation to the pension plan." *Ramsey v. Formica Corp.,* 398 F.3d 421, 424 (6th Cir. 2005). Further, "[c]ourts give an expansive construction to the term 'relates to[.]'" *Smith v. Commonwealth Gen. Corp.*, 589 F. App'x 738, 744 (6th Cir. 2014).

Congress' intent behind this express preemption provision is to "ensure that plans and plan sponsors would be subject to a uniform body of benefits law [.]"

*Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 142, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

### B. The Medical Providers' negligent misrepresentation and promissory estoppel claims "relate to" an ERISA-governed health plan.

The District Court correctly concluded that the Medical Providers' tort claims and promissory estoppel claim "relate to" an ERISA-based plan and are thus preempted. Despite how the Medical Providers label their claims, the "essence" of them is "that they were misled by BCBSM representatives when they inquired about the amounts and rates of payment they could expect for the medical services to be provided to AA, a La-Z-Boy employee." (Opinion and Order Granting Defendants' Motion to Dismiss, RE 26, Page ID # 152). The core of their dispute—their expectation that they would be paid the UCR rate—relates centrally to issues "within the scope of ERISA's exclusive regulation." *Cromwell*, 944 F.2d at 1276. This is because the consideration of those claims "would affect the relationship between plan principals by extending coverage beyond the terms of the plan." *Id*.

Post-*Cromwell*, this Court has continued to reject state-law claims that *essentially* assert a claim preempted by ERISA. Take for example, *Mazur v. UNUM Ins. Co.*, 590 F. App'x 518 (6th Cir. 2014). There, the plaintiff brought claims for state-law breach of contract and misrepresentation. *Id*. at 520. This Court reiterated its conclusions from *Cromwell*: ERISA preempts "all state-law claims that 'relate to'—even tangentially—an ERISA plan." *Id*. Because the plaintiff sought relief

related to an employee benefit plan that ERISA governed, his state-law claims were preempted. *Id*. at 521.

Additionally, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Peters v. Lincoln Electric Co.*, 285 F.3d 456, 469 (6th Cir. 2002). Because of the "expansive construction" of the term "relates to," a state-law claim can "relate to" an employee-benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Smith*, 589 F. App'x at 744, citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890 (1983).

The Medical Providers try to limit their claims as addressing damages arising "solely" from the misrepresentations made by BCBSM regarding a payment metric and "industry wide data." (Appellants' Brief, pp 38-39). They reason that the "direct promises" made by BCBSM are the only basis for their causes of action. That cannot be true where the "underpayments of benefits" involve a specific, ERISA-governed plan. (Opinion and Order Granting Defendants' Motion to Dismiss, RE 26, Page ID # 157).

The District Court recognized and rejected the Medical Providers' attempts to avoid preemption "by characterizing their claims as independent of any ERISA plan, contending that they do not rely on La-Z-Boy's plan to make their case." (Opinion and Order Granting Defendants' Motion to Dismiss, RE 26, Page ID # 153). Thus,

the label of the Medical Providers' claim is not dispositive. Rather, it is the nature of the relief the Medical Providers seek. Here, their state-law claims are not independent or distinct from their claims under the ERISA-governed plan. They are directly related to the plan. And, even if this Court only considered them "tangentially" related, that would be enough to satisfy the "relate to" threshold. *Mazur* v, 590 F. App'x at 520. Thus, Medical Provider's state-law claims relate to the plan and the District Court properly concluded that such claims are preempted.

## III. This Court's *Cromwell* decision remains good law and controls this dispute.

The Medical Providers attempt to reject *Cromwell*'s applicability by highlighting other authority and discouraging further reliance on *Cromwell* in the context of ERISA preemption issues. *Cromwell*, however, remains good law and the cases that the Medical Providers highlight on appeal do not alter that conclusion.

### A. *Cromwell* represents the long-standing rule of this Court and should not be disturbed.

As the District Court aptly explained, "*Cromwell* ***remains good law*** and has been cited routinely in recent decisions concluding that state law claims relating to an employee benefit plan are preempted." (Opinion and Order Granting Defendants' Motion to Dismiss, RE 26, Page ID # 153) (emphasis added). Despite the Medical Providers' efforts "to read ambiguity or inapplicability" into the cases that control in this Court—those efforts fail. (*Id.*) This case does not present an issue of first

impression and instead, this Court can look to several cases, including *Cromwell* and its progeny, that guide this dispute.

The Medical Providers insist that "*Cromwell* has repeatedly been called into question" and there is "instability" underlying *Cromwell*'s reasoning and interpretation of preemption under ERISA. (Appellants' Brief, pp 10-11). It appears the Medical Providers' contention stems from the way this Court and the Supreme Court have interpreted the "preemptive scope of ERISA." *PONI*, 399 F.3d at 697. While *Cromwell* referenced the "broad scope of preemption under ERISA," the Medical Providers allege that the Supreme Court and others have since limited that preemptive scope. (Appellants' Brief, pp 10-11) (citing *Travelers*, 513 U.S. at 655). The Medical Providers also allege that this Court's *PONI* decision represented another effort to narrow scope of preemption under ERISA. (Appellants' Brief, p 12).

But the Medical Providers overlook that—despite outside circuit authority distinguishing *Cromwell*—in this Court, *Cromwell* controls. And, as the District Court explained, *Cromwell* "has been cited routinely in recent decisions concluding that state law claims relating to an employee benefit plan are preempted." (Opinion and Order Granting Defendants' Motion to Dismiss, RE 26, Page ID # 153).

Further, the Medical Providers criticize *Cromwell*'s discussion of the broad scope of ERISA's preemption, arguing that more recent authority suggests that

ERISA's preemptive scope has become more limited. (Appellants' Brief, pp 32-33). The Medical Providers also attempt to reject *Cromwell*'s applicability as it "lacked the benefit of the last 30-plus years of Supreme Court analysis and guidance." (*Id*. at p 33).

But the decisions issued by this Court since *Cromwell* do not comport with the Medical Providers' criticism. And this Court has consistently relied on the language from *Cromwell* that the Medical Providers now seeks to minimize. See, e.g., *McLemore v. Regions Bank*, 682 F.3d 414, 425 (6th Cir. 2012) (citing *Cromwell* while emphasizing the broad scope of ERISA's preemption provision*); Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395, 1402 (6th Cir. 1995) (same); *Smith*, 589 F. App'x at 744 (explaining that courts interpret "relate to" language expansively). These cases had the benefit of additional Supreme Court "guidance" following *Cromwell* but nonetheless properly relied on *Cromwell's* controlling analysis.

And the Medical Providers cannot render *Cromwell* inapplicable by citing extra-jurisdictional authorities. As is long-established in this Court, "a later panel of the court cannot overrule the published decision of a prior panel ... in the absence of en banc review or an intervening opinion on point by the Supreme Court." *Zurich Am. Ins. Grp. v. Duncan on behalf of Duncan*, 889 F.3d 293, 301 (6th Cir. 2018) (internal citation omitted). Simply put, this Court has not overruled *Cromwell* and

the Court's continued recent reliance on *Cromwell* confirms that point. As the District Court also clarified, the cases the Medical Providers highlight "certainly did not overrule" *Cromwell* as the controlling law in this Circuit. (Opinion and Order Granting Defendants' Motion to Dismiss, RE 26, Page ID # 157).

**B. The cases highlighted by the Medical Providers on appeal are inapposite.**

The crux of the Medical Providers' appeal is that *Cromwell* should be abandoned (or has already been) because of *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995). The Medical Providers present *Travelers* as a case that altered preemption under ERISA such that its state law claims should not be preempted. The Medical Providers ignore that *Travelers* posed a different question than this matter. In *Travelers*, the Supreme Court considered "whether a state statute that imposed certain surcharges on payments for hospital services by all plan providers except Blue Cross and Blue Shield was preempted by ERISA." (Opinion and Order Granting Defendants' Motion to Dismiss, RE 26, Page ID # 157). The regulation there did not involve any particular plan or the terms of a plan but instead involved uniform regulation for all health plans. *Travelers*, 514 U.S. at 649. That general regulation did not meet the "relate to" threshold *specific* to an employee benefit plan. Indeed, *Travelers* did not even cite to *Cromwell* and in examining its holding, it is logical why. (Opinion and Order Granting Defendants' Motion to Dismiss, RE 26, Page ID # 157).

The Medical Providers insist that *Travelers* clarifies and alters the preemption doctrine more broadly. They also claim that *Travelers*' "clarification" prompted the Sixth Circuit and other courts to abandon *Cromwell*. This is not accurate. The Medical Providers cite only one distinguishable Sixth Circuit case, several Michigan ***state court*** cases, and out-of-circuit authority. (Appellants' Brief, pp 12-13). And the fact that other circuits have expressed criticism of *Cromwell* does not alter its precedential effect here. As explained, this Court rightly continues to rely on *Cromwell* because, simply put, it still controls. See, *McLemore*, 682 F.3d at 425 (6th Cir. 2012); *Zuniga*, 52 F.3d at 1402; *Smith*, 589 F. App'x at 744.

Finally, the out-of-circuit cases that the Medical Providers highlight are distinguishable, in any event. Here, the Medical Providers allege harm related to the method and rate of payment under a benefits plan. This matter does *not* involve: (1) a standalone agreement with claims unrelated to a benefits plan (*Plastic Surgery*, 967 F.3d at 229-231); (2) a dispute about an assignment of benefits (*McCulloch*, 857 F.3d at 144); (3) claims of misrepresentation regarding coverage (*Access Mediquip*, 662 F.3d at 385; *In Home Health*, 101 F.3d at 605; *Lordmann*, 32 F.3d at 1533); or (4) false representation claims about the existence of coverage (*Hospice of Metro Denver*, 944 F.2d at 754-55).

The District Court properly declined to follow these non-binding, distinguishable, and thus wholly inapplicable cases relied on by the Medical

Providers. (Opinion and Order Granting Defendants' Motion to Dismiss, RE 26, Page ID # 154-158). As the District Court properly held, the "inescapable conclusion" is that the Medical Providers' claims regarding the proper rate of services "relate to an ERISA-governed medical benefit plan and are preempted" by ERISA. (*Id*. at Page ID # 158).

## CONCLUSION

The Medical Providers' claims were properly dismissed with prejudice, as the Medical Providers have not provided a sufficient basis for any of their claims against BCBSM. With no error having occurred below, BCBSM respectfully requests this Court **AFFIRM** the District Court's August 4, 2025 judgment.

Respectfully submitted,

ZAUSMER, P.C.

/s/ *Nathan S. Scherbarth*
NATHAN S. SCHERBARTH (P75647)
BAILEY K. COUGER (P86280)
Attorneys for Blue Cross Blue Shield of Michigan
(248) 851-4111

Dated: February 11, 2026

**CERTIFICATE OF COMPLIANCE**

I certify that Defendants-Appellees' Brief complies with the type-volume limitation in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. The brief contains 3,824 words, excluding the content exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

I further certify that this brief complies with the typeface requirements in Rule 32(a)(5) of the Federal Rules of Appellate Procedure. I prepared the brief in in a proportionally spaced typeface using Times New Roman, 14-point font.

Respectfully submitted,

ZAUSMER, P.C.

/s/ *Nathan S. Scherbarth*
NATHAN S. SCHERBARTH (P75647)
BAILEY K. COUGER (P86280)
Attorneys for Blue Cross Blue Shield of Michigan
(248) 851-4111

Dated: February 11, 2026

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties to the above cause of action at their respective addresses as they appear above on February 11, 2026 via:

| | |
|---|---|
| ☐ First Class | ☐ FedEx/UPS |
| ☐ E-Mail | ☐ Hand Delivery |
| ☐ Fax | X E-File/E-Serve |

/s/ *Holly Hood*
Holly Hood

# ADDENDUM

## DESIGNATION OF RELEVANT DISTRICT COURT FILINGS

| DESCRIPTION | DOCKET NO. | PAGEID. |
|---|---|---|
| DEFENDANT LA-Z-BOY'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT | 1 | 1-38[1] |
| FIRST AMENDED COMPLAINT | 11 | 29-39 |
| BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT | 18 | 51-66 |
| LA-Z-BOY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) | 19 | 67-89 |
| PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT | 21 | 91-125 |
| LA-Z-BOY'S REPLY TO RESPONSE TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT | 22 | 126-133 |
| BLUE CROSS BLUE SHIELD OF MICHIGAN'S REPLY TO RESPONSE TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT | 23 | 134-138 |

[1] There appears to be an error in the District Court's PageID. numbering for Case No. 2:24-cv-13230-DML-KGA. For example, there is overlap between the PageIDs for Docket No. 1 and No. 11.

| | | |
|---|---|---|
| **OPINION AND ORDER GRANTING MOTIONS TO DISMISS AND DISMISSING CASE WITH PREJUDICE** | 26 | 147-158 |
| **JUDGMENT** | 27 | 159 |
| **NOTICE OF APPEAL** | 28 | 160-161 |
| **PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** | 30 | 163-173 |
| **ORDER DENYING PLAINTIFFS' MOTION TO AMEND** | 31 | 188-189 |