**Appeal No. 25-1727**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**LAUREL HILL MANAGEMENT SERVICES, INC.; MINIMALLY INVASIVE SURGICAL ASSOCIATES; ADVANCED WEIGHT LOSS SURGICAL ASSOCIATES,**

*Plaintiffs-Appellants*

**v.**

**LA-Z-BOY INC.; DOES 1-10; AND BLUE CROSS BLUE SHIELD OF MICHIGAN,**

*Defendants-Appellees*

---

On Appeal from the United States District Court for the Eastern District of Michigan, Case No. 2:24-cv-13230 (Hon. David M. Lawson)

---

**BRIEF OF DEFENDANT-APPELLEE LA-Z-BOY INCORPORATED**

February 11, 2026

Matthew G. Mrkonic
HONIGMAN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
Tel: (313) 465-7614
E-mail: mmrkonic@honigman.com

*Attorneys for Defendant-Appellee
La-Z-Boy Incorporated*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee La-Z-Boy Incorporated makes the following corporate disclosures: Defendant-Appellee La-Z-Boy Incorporated is not a subsidiary or affiliate of a publicly owned corporation.

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellee La-Z-Boy Incorporated respectfully requests oral argument to aid in this Court's review of the issues on appeal and to address any questions the Court may have regarding the parties' briefing.

## TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT .... i
STATEMENT REGARDING ORAL ARGUMENT .... ii
STATEMENT OF JURISDICTION .... 1
STATEMENT OF THE ISSUES .... 2
STATEMENT OF THE CASE .... 3
I. The Parties and the La-Z-Boy Employee Health Plan .... 3
II. Blue Cross's Alleged Representations About Reimbursement Under the La-Z-Boy Employee Health Plan .... 4
III. Plaintiffs' Lawsuit Against La-Z-Boy and Blue Cross .... 6
IV. La-Z-Boy and Blue Cross's Motions To Dismiss .... 7
V. The District Court's Judgment .... 7
VI. Plaintiffs' Notice of Appeal and Motion for Leave to Amend .... 7
SUMMARY OF THE ARGUMENT .... 9
ARGUMENT .... 11
I. Standard of Review .... 11
II. The District Court Properly Dismissed Plaintiffs' Claims Against La-Z-Boy As Preempted by ERISA .... 12
A. Plaintiffs' Claims Are Preempted Under Controlling Precedent .... 12
B. Plaintiffs' Attempt To Undermine *Cromwell* Fails .... 19
C. Plaintiffs' Attempts To Distinguish *Cromwell* Fail .... 23
III. The District Court Properly Dismissed Plaintiffs' Claims with Prejudice .... 27
A. Express Preemption Requires A Dismissal with Prejudice .... 27
B. Plaintiffs Do Not Appeal the District Court's Denial of Plaintiffs' Motion for Leave To Amend .... 29
CONCLUSION AND RELIEF REQUESTED .... 30

# TABLE OF AUTHORITIES

**CASES**

*Aetna Health Inc. v. Davila*,
542 U.S. 200 (2004) ..................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................11

*Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc.*,
187 F.3d 1045 (9th Cir. 1999) ..................................................27

*Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*,
103 F.4th 597 (9th Cir. 2024) ..................................................22

*Brown v. Bluecross Blueshield of Tenn., Inc.*,
827 F.3d 543 (6th Cir. 2016) ...................................................27

*Colvin v. Caruso*,
605 F.3d 282 (6th Cir. 2010) ...................................................12

*Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*,
591 F.3d 1337 (11th Cir. 2009) ................................................27

*Cromwell v. Equicor-Equitable HCA Corp.*,
944 F.2d 1272 (6th Cir. 1991) ..........................................*passim*

*Dubay v. Wells*,
506 F.3d 422 (6th Cir. 2007) ...................................................11

*Fast Access Specialty Therapeutics, LLC v. UnitedHealth Group, Inc.*,
532 F. Supp. 3d 956 (S.D. Cal. 2021) ......................................22

*Freeman v. Wainwright*,
959 F.3d 226 (6th Cir. 2020) ...................................................21

*Gavitt v. Born*,
835 F.3d 623 (6th Cir. 2016) ...................................................11

*Griggs v. Provident Consumer Discount Co.*,
459 U.S. 56 (1982) ...................................................................29

*Hogan v. Jacobson*,
823 F.3d 872 (6th Cir. 2016) ...................................................25

*Langley v. DaimlerChrysler Corp.*,
502 F.3d 475 (6th Cir. 2007)......14

*Lifeline Ltd. No. II v. Conn. Gen. Life Ins. Co. ("Lifeline 2")*,
827 F. Supp. 438 (E.D. Mich. 1993)......28

*Lifeline Ltd. No. II v. Conn. Gen. Life Ins. Co. ("Lifeline")*,
821 F. Supp. 1201 (E.D. Mich. 1993)......28

*Lion's Volunteer Blind Ind., Inc. v. Automated Grp. Admin., Inc.*,
195 F.3d 803 (6th Cir. 1999)......14, 19

*Loc. No. 1654, Int'l Bhd. of Elec. Workers, AFL-CIO v. L.G. Philips Display Components Co.*,
137 F. App'x 776 (6th Cir. 2005)......15

*Lowe v. Lincoln Nat'l Life Ins. Co.*,
821 F. App'x 489 (6th Cir. 2020)......28

*Mazur v. UNUM Life Ins. Co.*,
590 F. App'x 518 (6th Cir. 2014)......17

*Merritt v. Flextronics Int'l USA, Inc.*,
No. 23-5549, 2024 WL 5074876 (July 3, 2024)......20

*Metropolitan Life Ins. Co. v. Mass.*,
471 U.S. 724, 730 (1985)......13

*Michigan Affiliated Healthcare Sys., Inc. v. CC Sys. Corp. of Mich.*,
139 F.3d 546 (6th Cir. 1998)......25

*New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*,
514 U.S. 645 (1995)......19

*Pac. Recovery Sols. v. United Behav. Health*,
481 F. Supp. 3d 1011 (N.D. Cal. 2020)......22

*Park Ave. Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co.*,
No. 23-1134, 2024 WL 2813721 (2d Cir. June 3, 2024)......22

*Peach v. Ultramar Diamond Shamrock*,
229 F. Supp. 2d 759 (E.D. Mich 2022)......15, 20

*Penny/Ohlmann/Neimann, Inc. v. Miami Valley Pension Corp. ("PONI")*,
399 F.3d 692 (6th Cir. 2004)......26

*Pilot Life Insurance Co. v. Dedeaux*,
481 U.S. 41 (1987)......13

*Plastic Surgery Center, P.A. v. Aetna Life Ins. Co.*,
967 F.3d 218 (3d Cir. 2020)....................................................................21

*Reilly v. Vadlamudi*,
680 F.3d 617 (6th Cir. 2012)..................................................................11

*Riverview Health Institute, LLC v. Med. Mut. of Ohio*,
601 F.3d 505 (6th Cir. 2010)..................................................................12

*Rose v. Hartford Underwriters Ins. Co.*,
203 F.3d 417 (6th Cir. 2000)..................................................................12

*Scott v. First S. Nat'l Bank*,
936 F.3d 509 (6th Cir. 2019)..................................................................29

*Self-Insurance Institute of America, Inc. v. Snyder*,
827 F.3d 549 (6th Cir. 2016)..................................................................21

*Smith v. Commonwealth Gen. Corp.*,
589 F. App'x 738 (6th Cir. 2014) ..........................................................20

*Smith v. Provident Bank*,
170 F.3d 609 (6th Cir. 1999)..................................................................24

*United States v. Holloway*,
740 F.2d 1373 (6th Cir. 1984) ...............................................................29

*Ward v. Alternative Health Delivery Sys., Inc.*,
261 F.3d 624 (6th Cir. 2001)..................................................................25

**STATUTES**

29 U.S.C. § 1132.........................................................................................14

29 U.S.C. § 1144(a) ....................................................................................12

**RULES**

12(b)(6) .......................................................................................................11

## STATEMENT OF JURISDICTION

Defendant-Appellee La-Z-Boy Incorporated concurs in the statement of jurisdiction provided by Plaintiffs-Appellants.

## STATEMENT OF THE ISSUES

1. Plaintiff medical service providers brought claims for negligent misrepresentation and promissory estoppel based on alleged misrepresentations that the administrator of La-Z-Boy's employee health plan made about payment rates for certain procedures under La-Z-Boy's plan. Did the district court properly dismiss Plaintiffs' claims because they "relate to" La-Z-Boy's plan and therefore are preempted by ERISA?

| | |
|---|---|
| Plaintiffs answer: | No. |
| La-Z-Boy answers: | Yes. |
| The district court answered: | Yes. |

2. Did the district court properly dismiss Plaintiffs' claims with prejudice after finding those claims subject to express preemption under ERISA?

| | |
|---|---|
| Plaintiffs answer: | No. |
| La-Z-Boy answers: | Yes. |
| The district court answered: | Yes. |

## STATEMENT OF THE CASE

### I. The Parties and the La-Z-Boy Employee Health Plan

Plaintiffs Minimally Invasive Surgical Associates ("MISA") and Advanced Weight Loss Surgical Associates ("Advanced") are California companies and medical providers. (Plaintiffs' First Amended Complaint ("FAC") ¶¶ 2-3, RE 11, Page ID # 30.) Plaintiff Laurel Hill Management Services, Inc. ("Laurel") is a California corporation and alleged assignee of claims of medical providers Bay City Surgery ("BSC") and Town Center Surgery ("TSC") related to "Patient AA." (FAC ¶ 1, RE 11, Page # 30.)

La-Z-Boy is a Michigan corporation based in Monroe, Michigan that sponsors La-Z-Boy's employee health plan. (FAC ¶¶ 6-7, RE 11, Page ID ## 30-31.) Plaintiffs allege that "Patient AA" is a participant in La-Z-Boy's plan. (FAC ¶ 7, RE 11, Page ID ## 30-31.)

Plaintiffs allege that Defendant Blue Cross Blue Shield of Michigan ("Blue Cross") is and was the third-party administrator of La-Z-Boy's plan and La-Z-Boy's representative "in connection with stating the manner of payment for medical services and providing other administrative services relating to [Patient AA's] and [La-Z-Boy's] health plan." (FAC ¶¶ 7, 9, RE 11, Page ID ## 30-31.)

Plaintiffs allege that La-Z-Boy's plan was an employee health plan that Blue Cross administered. (FAC ¶ 7, RE 11, Page ID ## 30-31.) Here, Medical

Providers "did not have a written contract or preferred provider agreement" with La-Z-Boy's plan. (FAC ¶ 13, RE 11, Page ID # 32.) As a result, Medical Providers are "non-contract[] or out of network providers" under La-Z-Boy's plan. (FAC ¶ 15, RE 11, Page ID # 32.)

On February 21, 2022, and March 26, 2022, Patient AA allegedly "received medical services from Medical Providers." (FAC ¶ 24, RE 11, Page ID # 34.)

## II. Blue Cross's Alleged Representations About Reimbursement Under the La-Z-Boy Employee Health Plan

The Medical Providers allege that before they provided medical services to Patient AA, the Medical Providers' representatives contacted Blue Cross to determine "what is the Patient's responsibility versus [La-Z-Boy's] responsibility for paying for medical services" under La-Z-Boy's plan. (FAC ¶¶ 25-26, RE 11, Page ID # 34.)

Specifically, Blue Cross allegedly provided information about Patient AA's "deductible" and "Max Out Of Pocket" amounts under La-Z-Boy's plan. (FAC ¶ 27, RE 11, Page ID # 34.) Plaintiffs allege that the Medical Providers' representatives asked Blue Cross whether, under La-Z-Boy's plan, La-Z-Boy "pay[s] based on UCR [*i.e.*, Usual, Customary, and Reasonable] for procedure codes 43775, 43239, 43281, and 43774, and other similar codes within the same family" and whether La-Z-Boy uses a "Medicare Fee Schedule" for certain

procedure codes. (FAC ¶¶ 28-30, RE 11, Page ID ## 34-35.) Plaintiffs allege that Blue Cross represented to Medical Providers' representatives that La-Z-Boy pays the UCR rate, and does not use the Medicare Fee Schedule, for services in connection with the relevant procedure codes. (FAC ¶¶ 29, 31, RE 11, Page ID # 35.) Plaintiffs' FAC includes a definition of the UCR rate, which defines it as "[a] limit on the amount your health plan will pay." (FAC ¶ 20 n.3, RE 11, Page ID # 33.)

Plaintiffs allege that Blue Cross did not "advise[] that Patient's policy or certificate of insurance was subject to certain exclusions, limitations, or qualifications that might result in denial of coverage, limitation of payment or any other method of payment unrelated to the UCR rate." (FAC ¶ 33, RE 11, Page ID # 35.) Plaintiffs also allege that Blue Cross "on behalf of [La-Z-Boy] did not make reference to any other portion of Patient's plan that would put [Medical Providers] on notice of any reduction in the originally stated percentage." (FAC ¶ 34, RE 11, Page ID # 35.)

Plaintiffs allege that after the Medical Providers performed the medical procedure on Patient AA, Medical Providers "submitted their claims to [La-Z-Boy] through [Blue Cross]." (FAC ¶ 40, RE 11, Page ID # 36.) Plaintiffs allege that their bills of $342,296.00 were processed and Medical Providers only received a payment of $1,598.40. (FAC ¶ 41, RE 11, Page ID # 36.)

## III. <u>Plaintiffs' Lawsuit Against La-Z-Boy and Blue Cross</u>

On March 19, 2024, Plaintiffs filed a lawsuit in California state court against La-Z-Boy. (Notice of Removal, RE 1, Page ID ## 9-11.) La-Z-Boy removed the lawsuit to the United States District Court for the Central District of California and filed a motion to dismiss the lawsuit for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Notice of Removal, RE 1, Page ID ## 1-8.) La-Z-Boy and Plaintiffs then stipulated to transfer the lawsuit to this Court and withdraw La-Z-Boy's motion to dismiss for lack of personal jurisdiction. (Joint Stipulation to Transfer Case, RE 3, Page ID ## 45-52.)

On January 24, 2025, Plaintiffs filed their FAC in this Court. (FAC, RE 11, Page ID ## 29-39.) The FAC also asserted claims against Blue Cross in addition to claims against La-Z-Boy. (*See id*.) The FAC asserts two claims against La-Z-Boy for promissory estoppel and fraudulent misrepresentation. (FAC ¶¶ 43-61, RE 11, Page ID ## 36-38.)

Plaintiffs expressly allege that their "promissory estoppel and negligent misrepresentation claims . . . are asserted solely based upon the individual and proper rights of [Medical Providers] in their individual capacity and are not derivative of the contractual or other rights of the Meical Providers' Patient."

(FAC ¶ 10, RE 11, Page ID # 31.) Plaintiffs further assert that "Medical Providers do not in any way seek to enforce the contractual rights of" Patient AA. (*Id*.)

## IV. La-Z-Boy and Blue Cross's Motions To Dismiss

La-Z-Boy and Blue Cross separately moved to dismiss Plaintiffs' claims under Rule 12(b)(6) on the grounds that Plaintiffs' claims were preempted by ERISA. (La-Z-Boy's Motion to Dismiss, RE 19, Page ID ## 67-89; Blue Cross's Motion to Dismiss, RE 18, Page ID ## 51-66.)

## V. The District Court's Judgment

On August 4, 2025, after the parties briefed the motions to dismiss, the Court granted both La-Z-Boy's and Blue Cross's motions to dismiss, finding that Plaintiffs' claims were preempted by ERISA, dismissing them with prejudice, and entering judgment in favor of Defendants. (Opinion and Order Granting Defendants' Motions to Dismiss, RE 26, Page ID ## 147-158; Judgment, RE 27, Page ID # 159.)

## VI. Plaintiffs' Notice of Appeal and Motion for Leave to Amend

On August 13, 2025, Plaintiffs filed a notice of appeal. (Notice of Appeal, RE 28, Page ID ## 160-161.)

Six days later, on August 19, 2025, Plaintiffs filed a motion for leave to file a second amended complaint which was attached to its motion. (Motion for

Leave, RE 30, Page ID #163-173; Proposed Second Amended Complaint, RE 30-1, Page ID # 174-187.)

On August 28, 2025, the district court entered an Order denying Plaintiffs' Motion for Leave on the grounds that Plaintiffs' earlier-filed notice of appeal transferred jurisdiction to from the district court to this Court. (Order Denying Leave to Amend, RE 31, Page ID ## 188-189.)

## SUMMARY OF THE ARGUMENT

The district court properly dismissed Plaintiffs' claims under Federal Rule 12(b)(6) as preempted by the Employee Retirement Income and Security Act of 1972 ("ERISA"). Plaintiff medical providers brought state law claims for negligent misrepresentation and promissory estoppel against the sponsor of an employee health plan (La-Z-Boy) and the plan's administrator (Blue Cross) after Plaintiffs received payments under the plan for procedures that were lower than what Blue Cross allegedly represented.

Under this Court's controlling precedent in *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991), Plaintiffs' claims are preempted by ERISA because they effectively seek to recover ERISA plan benefits. There is no dispute that La-Z-Boy's employee health plan is an ERISA plan. Plaintiffs cannot escape ERISA preemption by recasting their claims for plan benefits as state law causes of action. To the contrary, under well-settled law, any state law claims that are "related to" an ERISA plan are preempted by ERISA.

As the district court correctly found, Plaintiffs own allegations lead to the "inescapable conclusion" that Plaintiffs' claims are preempted by ERISA. Plaintiffs' claims seek payment from La-Z-Boy (the sponsor of La-Z-Boy's plan) and Blue Cross (the administrator of that plan) for medical procedures. Plaintiffs' FAC relies, as it must, on La-Z-Boy's health plan. Specifically, Plaintiffs allege

that: "Patient AA" was covered by La-Z-Boy's plan; Blue Cross was the administrator of La-Z-Boy's plan; La-Z-Boy represented to Plaintiffs that they would receive certain payments for certain services under La-Z-Boy's plan; and Blue Cross's processing of Plaintiffs' out-of-network services under La-Z-Boy's plan resulted in a payment amount that was lower than the coverage amount that had been represented to Plaintiffs.

Because Plaintiffs' claims explicitly "relate to" an ERISA plan—and effectively seek benefits under that plan—Plaintiffs' claims are preempted by ERISA and were properly dismissed by the district court. Plaintiffs' attempts to escape that necessary and proper result on appeal—by falsely asserting that *Cromwell* is no longer good law and does not apply to the facts of this case—are unavailing. La-Z-Boy therefore respectfully requests that this Court affirm the district court's judgment dismissing Plaintiffs' claims as preempted by ERISA.

## ARGUMENT

### I. Standard of Review

The district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. *Gavitt v. Born*, 835 F.3d 623, 639 (6th Cir. 2016). A Motion to Dismiss under Rule 12(b)(6) is analyzed under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Reilly v. Vadlamudi*, 680 F.3d 617, 622–23 (6th Cir. 2012). Specifically, the Court must "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Reilly*, 680 F.3d at 622 (quoting *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007)). A plaintiff's complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). It must have "facial plausibility"—*i.e.*, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 623 (quoting *Iqbal*, 556 U.S. at 663).

This Court reviews a district court's denial of a motion for leave to amend pleadings under Rule 15(a) for abuse of discretion, except when a party's motion is denied for futility, in which case a *de novo* standard of review applies. *Riverview Health Institute, LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir.

2010); *Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## II. The District Court Properly Dismissed Plaintiffs' Claims Against La-Z-Boy As Preempted by ERISA

The district court properly dismissed Plaintiffs' state law claims as preempted by ERISA. Both of Plaintiffs' claims—for promissory estoppel and fraudulent misrepresentation—seek payment for medical procedures under a Blue Cross-administered employer-sponsored group health plan that is regulated by ERISA. No matter how these claims are styled, such claims are preempted under ERISA and must be dismissed. As discussed below, ERISA preempts all state law claims "related to" an ERISA plan. Here, it is undisputed that La-Z-Boy's plan is an employer-sponsored group health plan governed by ERISA. Because Plaintiffs' claims all "relate to" La-Z-Boy's plan under controlling Sixth Circuit precedent, Plaintiffs' claims are preempted as a matter of law.

### A. Plaintiffs' Claims Are Preempted Under Controlling Precedent

Plaintiffs' claims are preempted by ERISA because their claims "relate to" an employer-sponsored health plan regulated by ERISA. ERISA Section 514(a) provides that ERISA supersedes or preempts all state laws insofar as they "relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Sixth Circuit and United States Supreme Court have thus both repeatedly held that "ERISA

preempts state law and state law claims that 'relate to' any employee benefit plan as that term is defined therein. 29 U.S.C. § 1144(a)." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991) (citing *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987)).

Under this framework, "a state law cause of action is preempted if 'it has connection with or reference to [an ERISA] plan.'" *Cromwell*, 944 F.2d at 1275-76 (citing *Metropolitan Life Ins. Co. v. Mass.*, 471 U.S. 724, 730, 732–33 (1985)). State law claims "relate to" an ERISA plan if they: "(1) mandate employee benefit structures or their administration; (2) provide alternative enforcement mechanisms; or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself." *Penny/Ohlmann/Neimann, Inc. v. Miami Valley Pension Corp. ("PONI")*, 399 F.3d 692, 698 (6th Cir. 2004).

The label placed on a state law claim is irrelevant. Indeed, "'it is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.'" *PONI*, 399 F.3d at 702 (quoting *Cromwell*, 944 F.2d 1272, 1276 (6th Cir. 1991). To hold otherwise, and "distinguish[] between pre-empted and non-pre-empted claims based on the particular label affixed to them would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA . . . ." *Aetna*

*Health Inc. v. Davila*, 542 U.S. 200, 214 (2004). For that reason, this Court has repeatedly noted that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991); *accord Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007).

No state law claims more closely "relate to" an ERISA than those, like Plaintiffs' claims here, that effectively seek to recover plan benefits despite being styled as state law claims. In *Cromwell*, this Court held that a medical provider's claims for "promissory estoppel" and "negligent misrepresentation," which effectively sought "the recovery of benefits from the [] plan for health care services rendered" to the plan participant, as is the case here, "***are at the very heart of issues within the scope of ERISA's exclusive regulation*** and, if allowed, would affect the relationship between plan principles by extending coverage beyond the terms of the plan."[1] 944 F.2d at 1276; *accord Lion's Volunteer Blind Ind., Inc. v. Automated Grp. Admin., Inc.*, 195 F.3d 803, 808 (6th Cir. 1999).

For that reason, state law claims brought by medical providers that effectively seek to recover plan benefits are "[c]learly" preempted by ERISA. *Id.*; *see also Loc. No. 1654, Int'l Bhd. of Elec. Workers, AFL-CIO v. L.G. Philips*

---

[1] Emphasis added throughout unless otherwise noted.

*Display Components Co.*, 137 F. App'x 776, 777 (6th Cir. 2005) ("State law claims for the recovery of employee benefits are preempted by ERISA."); *see also, e.g.*, *Peach v. Ultramar Diamond Shamrock*, 229 F. Supp. 2d 759, 771 (E.D. Mich 2022) ("[c]laims for benefits may not be disguised as [other] claims . . . . If the plaintiff seeks a payment of benefits, then his sole remedy is under 29 U.S.C. § 1132(a)(1)(B)"), *aff'd*, 109 F. App'x 711 (6th Cir. 2004).

Plaintiffs' own allegations establish that La-Z-Boy's claims "relate to" an ERISA plan. Specifically, Plaintiffs alleged in the FAC that:

- La-Z-Boy is the sponsor of an employee health plan that provides medical benefits to its employees, including "Patient AA." (FAC ¶ 7, RE 11, Page ID ## 30-31);
- "Blue Cross . . . is and was Defendant's agent and representative in connection with stating the manner of payment for medical services and providing other administrative services relating to the Patient's and [La-Z-Boy's] ***health plan***." (FAC ⁋ 8, RE 11, Page ID ## 30-31);
- where "a medical provider, such as Medical Provider, does not have a written contract or preferred provider agreement with a ***health plan***," it has no obligation to reduce its charges. (FAC ⁋⁋ 13-14, RE 11, Page ID # 32);

- "UCR" is a term that means "[a] limit on the amount ***your health plan will pay***." (FAC ¶¶ 19-20 & n.3, RE 11, Page ID # 33);
- Blue Cross made representations about the Patient's deductible and "Max Out of Pocket" under La-Z-Boy's plan (FAC ¶ 27, RE 11, Page ID # 34);
- Blue Cross represented that La-Z-Boy pays based on "UCR" for certain procedure codes under the plan (FAC ¶¶ 28-31, RE 11, Page ID # 34-35);
- Blue Cross did not advise Plaintiffs of exclusions or terms in "Patient's plan" that would affect reimbursement of medical services provided. (FAC ¶¶ 33-34, RE 11, Page ID # 35); and
- Medical Providers "submitted their claims to [La-Z-Boy] through [Blue Cross]," and La-Z-Boy processed those claims under the plan and made a payment below the "UCR" rate (FAC ¶¶ 40-41, RE 11, Page ID # 36).

Thus, Plaintiffs' claims clearly "relate to" an ERISA plan. Indeed, as the district court noted, "[t]he Sixth Circuit repeatedly has 'held that [state law] claims [sounding in] 'negligent misrepresentation' and 'breach of contract,'' where such claims have as their object the recovery of allegedly unpaid or underpaid benefits, 'are 'at the very heart of issues within the scope of ERISA's

exclusive regulation,' thus warranting preemption.'" (Opinion and Order Granting Defendants' Motions to Dismiss, RE 26, Page ID # 151 (quoting *Mazur v. UNUM Life Ins. Co.*, 590 F. App'x 518, 521 (6th Cir. 2014).)

Here, Plaintiffs' claims do not simply "relate to" La-Z-Boy's ERISA plan; rather, they depend entirely on La-Z-Boy's plan. Plaintiffs can only allege that La-Z-Boy is responsible for Blue Cross's representations because Blue Cross is La-Z-Boy's agent for purposes of administering La-Z-Boy's ERISA plan. Moreover, all of the alleged representations relate to, and depend on, La-Z-Boy's plan. For example, the alleged representations about the Patient's deductible and "Max Out of Pocket," and the payment of "UCR" rates, all directly relate to the administration and processing of claims under La-Z-Boy's plan. As the district court properly found, "[t]his information could only relate to La-Z-Boy's medical benefit plan, as that defendant could have no other obligation to pay for the cost of medical care for the employee otherwise." (Opinion and Order Granting Defendants' Motions To Dismiss, RE 26, Page ID # 152.) Plaintiffs' alleged harm and associated claimed damages are also for amounts that Plaintiffs sought in claims submitted to Blue Cross under La-Z-Boy's plan.

As the district court found, plaintiffs' own allegations lead to "the inescapable conclusion" that Plaintiffs' claims are preempted by ERISA and must be dismissed. (Opinion and Order Granting Defendants' Motions to Dismiss, RE

26, Page ID # 158.) This Court's opinion in *Cromwell* is controlling. In *Cromwell*, as here, plaintiff medical service providers contacted the administrator of the employee's health plan to verify coverage under the plan before providing services. 944 F. 2d at 1275. As here, the administrator allegedly made certain representations about the nature of the coverage for the services at issue under the plan. *Id*. When the administrator stopped paying claims under the plan, the medical service providers sued under various state law theories, including promissory estoppel and negligent misrepresentation—the very same claims Plaintiffs assert here. *Id*. The district court found that the claims, although cast as state law causes of action, were related to the plan and therefore were preempted by ERISA and were dismissed. *Id*.

This Court affirmed the district court's ruling in *Cromwell*, holding that Plaintiffs' claims, despite being recast under state law, sought "the recovery of benefits from the [employee] plan for health care services" and therefore "are at the very heart of issues within the scope of ERISA's exclusive regulation." *Id*. at 1276. The claims asserted in *Cromwell*—like the claims at issue here—would "affect the relationship between plan principals by extending coverage beyond the terms of the plan" and therefore are necessarily preempted by ERISA. *Id*.

### B. Plaintiffs' Attempt To Undermine *Cromwell* Fails

Plaintiffs first attempt to avoid dismissal under *Cromwell* by suggesting that *Cromwell* is no longer good law in light of the United States Supreme Court's opinion in *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995). Plaintiffs even go so far as to assert that the district court, by following *Cromwell*, "ignor[ed] binding Supreme Court and Sixth Circuit precedent" that compel a different result. (Appellants' Brief at 33.) Plaintiffs' assertions are meritless.

As a threshold matter, *Travelers* did not overturn *Cromwell*. To the contrary, *Travelers* addressed a different issue—whether ERISA preempted a state statute regarding surcharges—not whether a state law cause of action is preempted by Section 514 of ERISA, as is the case here and in *Cromwell*.

The Sixth Circuit has also reaffirmed and relied on *Cromwell*'s preemption analysis in several opinions after *Travelers*. For example, four years after *Travelers*, the Sixth Circuit reaffirmed *Cromwell*'s holding in *Lion's Volunteer Blind*, 195 F.3d at 808 (6th Cir. 1999). In *Lion's Volunteer Blind*, the Sixth Circuit reversed the district court's decision that plaintiffs' state law misrepresentation claim was not preempted by ERISA. After reiterating *Cromwell*'s holding and noting that *Cromwell* was "entirely consistent" with other Sixth Circuit precedent, the *Lion's Volunteer* Court held that plaintiffs'

claims effectively sought to "obtain the benefits"—*i.e.*, "medical expenses—that were denied by [defendant's] plan." 195 F.3d 808-809. And, more recently, in *Merritt v. Flextronics International USA, Inc.*, No. 23-5549, 2024 WL 5074876, at *2 (July 3, 2024), this Court cited *Cromwell* in finding that state law claims, including misrepresentation, were preempted by ERISA.

These are only a few of the many examples of this Court continuing to reaffirm and rely on *Cromwell* post-*Travelers*. There are many others. *See, e.g.*, *Smith v. Commonwealth Gen. Corp.*, 589 F. App'x 738, 744 (6th Cir. 2014) (quoting and applying *Cromwell*); *PONI*, 399 F.3d 692, 698 (6th Cir. 2005) (same); *Loc. No. 1654*, 137 F. App'x 776, 777 (6th Cir. 2005) (same); *see also, e.g.*, *Peach*, 229 F. Supp. 2d at 769 (applying *Cromwell* to find that "ERISA preempts state law and state law claims that 'relate to' any employee benefit plan"), *aff'd*, 109 F. App'x 711 (6th Cir. 2004) ("the judgment rendered by the district court is AFFIRMED on the basis of the Memorandum Opinion dated October 24, 2002.").

Plaintiffs nonetheless attempt to undermine *Cromwell* by misapplying Sixth Circuit precedent and relying on inapposite out-of-Circuit case law. For example, Plaintiffs repeatedly rely on *PONI* to support its claim that *Cromwell* is undermined by more recent Supreme Court precedent. (*See* Appellants' Brief at 30.) But *PONI* reaffirms and relies on *Cromwell*'s preclusion analysis that "[i]t

is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *PONI*, 399 F.3d at 702 (quoting *Cromwell*, 944 F.2d at 1276). Plaintiffs also rely on *Self-Insurance Institute of America, Inc. v. Snyder*, 827 F.3d 549 (6th Cir. 2016), even though that case does not even mention *Cromwell*. Moreover, *Self-Insurance* does not address preemption of state law claims; rather it deals with the potential preemption of a state tax law—"a type of law long recognized as an important 'attribute of self sovereignty'" where the "presumption that Congress does not intend to preempt state laws applies with special force." *Id.* at 555.

Plaintiffs also rely extensively on non-binding, inapposite authority, including state law (*see* Appellants' Brief at 40-42), which is irrelevant to the federal law issues now before this Court, and out-of-Circuit case law (*see id*. at 42-47), which has no persuasive authority given this Court's controlling precedent. This Court has made clear that when controlling Sixth Circuit precedent exists, "any persuasive authority from other Circuits is irrelevant." *Freeman v. Wainwright*, 959 F.3d 226, 232 (6th Cir. 2020). There can be no meaningful dispute that *Cromwell* remains controlling precedent in the Sixth Circuit. Even the principal out-of-Circuit case that Plaintiffs rely on, *Plastic*

*Surgery Center, P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 236 (3d Cir. 2020), recognizes that *Cromwell* remains controlling authority in the Sixth Circuit.

Even if this Court were to consider out-of-Circuit authority, the most closely analogous authority supports the district court's preemption analysis below. *See, e.g.*, *Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 103 F.4th 597, 602 (9th Cir. 2024) (finding that ERISA preempts "state law contract claims based on an out-of-network provider's calls to a plan administrator seeking to verify plan coverage"); *Park Ave. Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co.*, No. 23-1134, 2024 WL 2813721, at *1-*3 (2d Cir. June 3, 2024) (affirming district court's decision to dismiss claims under Federal Rule 12(b)(6) where plaintiff service providers sued to enforce alleged representations made by plan administrator about what percentage of the "customary rate" would be paid for certain services); *see also, e.g.*, *Fast Access Specialty Therapeutics, LLC v. UnitedHealth Group, Inc.*, 532 F. Supp. 3d 956, 967 (S.D. Cal. 2021) (promissory estoppel and other claims were preempted because they were "premised not only on the existence of Patient A's plan, but on the specific terms in Patient A's plan, or lack thereof"); *Pac. Recovery Sols. v. United Behav. Health*, 481 F. Supp. 3d 1011, 1029 (N.D. Cal. 2020) (finding state law claims preempted where "the parties' understanding as to what United meant when it represented that it would pay a percentage of UCR . . . has a connection to the terms of benefit plans").

The out-of-Circuit law Plaintiffs rely on is also factually distinguishable, as addressed in the district court's Opinion. (Opinion and Order Granting Defendants' Motions to Dismiss, RE 26, Page ID ## 154-157.) Moreover, unlike *Cromwell*, those out-of-Circuit cases do not deal with the precise situation present here, where a medical provider brings state law promissory estoppel and negligent misrepresentation claims to essentially recover benefits under an employee health plan. (*See* Appellants' Brief at 40-47.)

### C. Plaintiffs' Attempts To Distinguish *Cromwell* Fail

Plaintiffs also attempt to escape preemption under *Cromwell* by arguing it is inapplicable to the factual allegations here. That attempt likewise fails.

***First***, Plaintiff attempts to limit *Cromwell*'s preemption holding to circumstances where a plan participant assigns his or her claims to a medical provider. Specifically, Plaintiffs assert that "*Cromwell*'s holding related ***only*** to the preemption of claims made based on an assignment of benefits (or in circumvention of an assignment of benefits) under an ERISA plan." (Appellants' Brief at 34 (emphasis in original).) Plaintiffs' argument is wholly unsupported by the text of the *Cromwell* opinion. Indeed, Plaintiffs' characterization of *Cromwell* is based entirely on footnote 3 of the opinion, and footnote 3 says nothing of the sort. *See* 944 F.2d at 1276 n.3.

Moreover, *Cromwell*'s preemption analysis did not depend, or even rely on, the existence of the assignment of benefits from the plan participant to the medical provider. To the contrary, the providers' fraudulent misrepresentation and promissory estoppel claims were based on the providers' "reasonable reliance on [defendant's] oral assurances of coverage" to providers—not to the plan participant. 944 F.2d at 1275. Thus, the assignment in *Cromwell* had nothing to do with whether providers could bring their own direct claim against the administrator of the plan based on alleged promises or misrepresentations made to them. *Id*. Whether there had been an assignment by the provider in *Cromwell* was only relevant to the Court's subject matter jurisdiction analysis, which is an entirely different analysis from preemption. *See id.* at 944 F.2d at 1277-78.

Plaintiffs therefore cannot limit *Cromwell* to circumstances where there has been an assignment of claims. Nor is there any support for Plaintiffs' similar argument that ERISA conflict preemption only applies where claims are brought between parties that are all part of the ERISA relationship. Plaintiffs' argument is not only contrary to *Cromwell*, but it is also inconsistent with the Court's more recent precedent. For example, in *PONI*, on which Plaintiffs rely (*see* Appellants' Brief at 37), this Court expressly noted that "[a] suit against a non-fiduciary"—*i.e.*, a party outside of the ERISA relationship—"to recover plan benefits seeks to

create an alternative to ERISA's enforcement mechanism, and accordingly is preempted." *PONI*, 399 F.3d 392 (6th Cir. 2005).

Likewise, *Smith v. Provident Bank*, 170 F.3d 609, 617 (6th Cir. 1999), on which Plaintiffs rely (*see* Appellants' Brief at 35-36), contradicts Plaintiffs' argument that ERISA preemption applies only to parties within the ERISA relationship. Plaintiff cites *Smith* for the proposition that claims brought by a plan against a nonfiduciary are governed by state law, not ERISA—a proposition that has no application here as Plaintiffs are providers, not a plan. (*See* Appellants' Brief at 35-36.) *Smith* also holds that a participant's state law claims against nonfiduciaries, who are not a part of the ERISA relationship, are preempted by ERISA because they seek what are essentially ERISA benefits. *Smith*, 170 F.3d at 611-612, 615-616.

Plaintiffs also rely on *Michigan Affiliated Healthcare Systems, Inc. v. CC Systems Corporation of Michigan*, 139 F.3d 546, 550 (6th Cir. 1998) to try to limit the scope of ERISA conflict preemption to cases where the plan participant assigned claims to a provider. (*See* Appellants' Brief at 15-16.) But *Michigan Affiliated Healthcare* relies on *Cromwell*'s complete preemption analysis under 29 U.S.C. § 1132, as that was required for subject matter jurisdiction, not conflict preemption under 29 U.S.C. § 1144, which cannot provide federal subject matter jurisdiction. *Mich. Affiliated Healthcare*, 139 F.3d at 550; *see also Hogan v.*

*Jacobson*, 823 F.3d 872, 879 (6th Cir. 2016) (complete preemption creates subject matter jurisdiction but conflict preemption cannot); *Ward v. Alternative Health Delivery Sys., Inc.*, 261 F.3d 624, 627 (6th Cir. 2001) (same). Plaintiffs admit complete preemption is irrelevant to the district court's opinion and this appeal, which address only conflict preemption. (*See* Appellants' Brief at 17 n.6.) Plaintiffs' misleading attempt to conflate the separate analyses is improper.

Plaintiffs also wrongly suggest that the potential absence of a remedy is relevant to the Court's preemption analysis. The Court so held regardless of whether plaintiff has a remedy under ERISA. *Cromwell*, 944 F.2d at 1276 ("Nor is it relevant to an analysis of the scope of federal preemption that appellants may be left without remedy."); *see also Smith*, 170 F.3d at 615 ("Regardless of the availability of an ERISA action against particular defendants, the relief provided by ERISA is the only relief available for the wrongs [participant] alleges.").

***Second***, Plaintiff asserts that *Cromwell* does not apply here because *Cromwell* involved a total denial of benefits under the plan whereas Plaintiffs allege here that only 99.5% of benefits were denied under the plan. But whether a medical provider has been denied all or virtually all benefits sought under an employee health plan is a distinction without a difference for purposes of ERISA preemption. The only relevant analysis, as the Sixth Circuit has repeatedly made

clear, is whether the state law claim effectively seeks to recover plan benefits. *PONI*, 399 F.3d at 702; *Cromwell*, 944 F.2d at 1276.

Plaintiffs' authority does not support their assertion that preemption can only apply where there is a total denial of benefits under an ERISA plan. To the contrary, those cases address separate legal issues that arise when a payment agreement exists between a provider and a plan (*i.e.*, a provider agreement). *See Brown v. Bluecross Blueshield of Tenn., Inc.*, 827 F.3d 543, 548 (6th Cir. 2016) (analyzing scope of assignment under provider agreement); *Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999) (same); *see also Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350 (11th Cir. 2009) (analyzing implications of existence of provider agreement). Those cases are wholly inapposite here, where Plaintiffs allege they are out-of-network providers without a provider agreement with Blue Cross. (FAC ¶¶ 11-15, RE 11, Page ID # 31.)

## III. <u>The District Court Properly Dismissed Plaintiffs' Claims with Prejudice</u>

### A. <u>Express Preemption Requires A Dismissal with Prejudice</u>

The district court properly dismissed Plaintiffs' claims with prejudice, consistent with Sixth Circuit precedent, after finding that Plaintiffs' claims were subject to conflict preemption under ERISA. Plaintiffs concede that conflict preemption is the basis for the district court's dismissal. (Appellants' Brief at 12

(“Conflict/Express Preemption is a true defense of preemption, [] and is the basis of the district court’s erroneous judgment.”).)

The district court’s finding of express preemption not only permitted, but required, the dismissal of Plaintiffs’ claims with prejudice. Indeed, this Court has held that “[i]f express preemption applies, the state-law claims should be dismissed with prejudice.” *Lowe v. Lincoln Nat'l Life Ins. Co.*, 821 F. App'x 489, 492 (6th Cir. 2020) (cleaned up). And for good reason—if a plaintiff’s claims are subject to express preemption, the legal defect is uncurable. Unlike the situation where a plaintiff has merely failed to plead sufficient facts to support a claim, no additional factual allegations will save a claim subject to express preemption.

Plaintiffs cite no authority for the proposition that leave to amend is permitted, much less required, in the event of a finding of express preemption. To the contrary, Plaintiffs devote only a single paragraph of their Appellants’ Brief to the argument that the district court erred by not granting leave to amend. (*See* Appellants’ Brief at 51.) Indeed, none of the three cited in that section—*Cromwell*, *Lifeline*, and *Lifeline 2*—even dealt with the issue of whether amendment is appropriate when there is a finding of express preemption. *See Cromwell*, 944 F.2d 1272; *Lifeline Ltd. No. II v. Conn. Gen. Life Ins. Co.*

*("Lifeline")*, 821 F. Supp. 1201 (E.D. Mich. 1993); *Lifeline Ltd. No. II v. Conn. Gen. Life Ins. Co. ("Lifeline 2")*, 827 F. Supp. 438 (E.D. Mich. 1993).

### B. Plaintiffs Do Not Appeal the District Court's Denial of Plaintiffs' Motion for Leave To Amend

Plaintiffs argue only that the district court erred by granting Defendants' motions to dismiss with prejudice. (Appellants' Brief at 52.) Plaintiffs do not, however, argue that the district court erred in denying Plaintiffs' motion for leave to amend. Accordingly, Plaintiffs forfeited any argument that the district court's denial of Plaintiffs' motion for leave was erroneous. *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019) ("In this Circuit, an appellant forfeits an argument that he fails to raise in his opening brief.").

Even if Plaintiffs had appealed the district court's denial of Plaintiff's motion for leave, any such appeal would have been unsuccessful. Plaintiffs filed their motion for leave to amend only after filing a notice of appeal—an action that the district court found transferred jurisdiction to this Court, thereby depriving the district court of jurisdiction to consider Plaintiffs' motion for leave. (*See* Order Denying Motion for Leave, RE 31, Page ID ## 188-189.) *See also United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).)

Because Plaintiffs did not, and now cannot, appeal the district court's denial of Plaintiffs' motion for leave to amend, there is no basis for this Court to consider Plaintiffs' accompanying proposed second amended complaint. As the district court correctly found, an as Plaintiffs concede, jurisdiction had transferred to this Court before Plaintiffs filed their motion to leave or presented the district court with them accompanying proposed second amended complaint. Thus, Plaintiffs' proposed second amended complaint is not properly part of the record for purposes of the district court's preemption decision and therefore should not be considered. Even if it were, the proposed second amended complaint would not change the preemption analysis, as all of Plaintiffs' claims still "relate to" an ERISA plan because they effectively seek to recover plan benefits.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, the Court should affirm the district court's opinion and order granting La-Z-Boy's motion to dismiss with prejudice.

Dated: February 11, 2026

Respectfully submitted,

/s/Matthew G. Mrkonic
Matthew G. Mrkonic
HONIGMAN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
Tel: (313) 465-7614
E-mail: mmrkonic@honigman.com

*Attorneys for Defendant-Appellee*
*La-Z-Boy Incorporated*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the part of the document exempted by Fed. R. App. P. 32(f), this document contains 6,089 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Times New Roman in 14-point font.

Dated: February 11, 2026

Respectfully submitted,

/s/Matthew G. Mrkonic
Matthew G. Mrkonic
HONIGMAN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
Tel: (313) 465-7614
E-mail: mmrkonic@honigman.com

*Attorneys for Defendant-Appellee*
*La-Z-Boy Incorporated*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 11, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit through the Court's CM/ECF system, which served this document on all counsel of record.

Dated: February 11, 2026 /s/Matthew G. Mrkonic

## ADDENDUM

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| **Record Entry No.** | **Page ID ##** | **Description** |
|---|---|---|
| 1 | 1-38 | Notice of Removal from Los Angeles County Superior Court, case number 24STCV06835 to United States District Court for the Central District of California – 12/04/2024 |
| 3 | 45-53 | Joint Stipulation to Transfer Case to Eastern District of Michigan filed by Plaintiffs and Blue Cross – 12/04/2024 |
| 4 | 57-59 | Order Granting, In Part, and Denying, In Part, Joint Stipulation To Transfer Case and Transferring Case To the United States District Court for the Eastern District of Michigan – 12/04/2024 |
| 11 | 29-39 | First Amended Complaint by Plaintiffs – 01/24/2025 |
| 18 | 51-66 | Motion to Dismiss' Plaintiffs' Complaint by Blue Cross – 03/05/2025 |
| 19 | 67-89 | Motion to Dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) by La-Z-Boy – 03/06/2025 |
| 21 | 91-125 | Response to Motions to Dismiss by Plaintiffs – 03/19/2025 |
| 22 | 126-133 | Reply to Plaintiffs' Response to Motion to Dismiss by La-Z-Boy – 03/26/2025 |
| 23 | 134-138 | Reply to Plaintiffs' Response to Motion to Dismiss by Blue Cross – 04/02/2025 |
| 26 | 147-158 | Opinion and Order Granting Defendants' Motions to Dismiss – 08/04/2025 |
| 27 | 159 | Judgment in favor of Defendants and against Plaintiffs – 08/04/2025 |
| 28 | 160-161 | Notice of Appeal filed by Plaintiffs – 08/13/2025 |
| 30 | 163-173 | Motion for Leave to Amend by Plaintiffs – 08/19/2025 |
| 30-1 | 174-187 | Plaintiffs' Proposed Second Amended Complaint attached to Motion for Leave – 08/19/2025 |
| 31 | 188-189 | Order Denying Plaintiffs' Motion for Leave to Amend – 08/28/2025 |